UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| NADIR NASHEED, | ) |
| Petitioner, | ) Civil Action No. 12-CV-65-HRW |
| V. | ) |
| MICHAEL SEPANEK, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Nadir Nasheed is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky.[1] Proceeding without an attorney, Nasheed filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking the reinstatement of 41 days of good-time credit ("GTC") he was ordered to forfeit after he was convicted of committing a disciplinary infraction in March 12, 2012. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and

---

[1] Subsequent to the filing of the petition it appears that Nasheed has been released from the prison. [D. E. No. 11; *see also* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=24232-037&x=87&y=27. (last visited January 11, 2013)]

1

any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Nasheed's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

At this stage, the Court accepts Nasheed's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). For the reasons explained below, the Court will deny Nasheed's § 2241 petition because it is premature.

## BACKGROUND

In April 2010, Nasheed pleaded guilty to conspiracy to import heroin in violation of 21 U.S.C. § 963. *United States v. Nasheed*, No. 1:10-cr-57-BEL-1 (D. Md. 2010). On February 15, 2011, Nasheed was sentenced to a 24-month prison term and a 4-year term of supervised release. [*Id.*, D. E. No. 28, therein]

In his petition Nasheed alleges that on March 20, 2012, while he was confined in the United States Penitentiary - Big Sandy in Inez, Kentucky, he received an Incident Report charging him with Possession of a Hazardous Tool (Cell Phone), a Code 108 offense. [D. E. No. 1, p. 3 ¶ 6] A hearing on the charges was held the next day, and on March 22, 2012, the disciplinary hearing officer ("DHO") issued a report

finding him guilty of the charged offense and, as part of the sanction, disallowed 41 days of his GTC. [*Id.*, p. 5, ¶ 12]

In his petition, Nasheed alleges that the disciplinary hearing was held on March 21, 2012, less than 24 hours after he received a copy of the Incident Report, thus violating his right to due process of law. He further contends that the Incident Report was not first referred to the Unit Disciplinary Committee as required by BOP regulations. [D. E. No. 1, pp. 3-4]

Nasheed states that he was unable to administratively appeal his disciplinary conviction and sanction before filing his petition on July 12, 2012, because he never received a copy of the DHO report from which to appeal. [*Id.*, p. 5, ¶ 13] After he filed this petition, Nasheed did receive a copy of the DHO report, and appealed his disciplinary conviction and sanction to the BOP's Mid-Atlantic Regional Office ("MARO"). On September 14, 2012, MARO remanded the disciplinary proceeding and ordered a rehearing. [D. E. No. 8-2, p. 3]

On December 7, 2012, Nasheed filed a "Motion to Expand the Record," in which he complains that the BOP continues to disallow his 41 days of GTC despite the fact that MARO remanded his disciplinary conviction for a rehearing. [D. E. No. 10, pp. 2-3] In that filing, Nasheed contends that various procedural delays beyond his control or influence "... will prevent Nasheed from pursuing his full administrative

remedies in the event of an adverse decision in a disciplinary hearing." [D. E. No. 10 p. 3] Nasheed stated at that time that he had made several requests to be scheduled for a re-hearing, but that as of December 4, 2012, none has been scheduled. [*Id.*]

Nasheed has not filed anything after that motion which indicates that a rehearing has been held or the outcome of any rehearing. While Nasheed has stated that his projected release date "including the disallowance of 41 days of GTC" is March 13, 2012, it appears he meant March 13, **2013**.[2]

## DISCUSSION

This Court can not entertain Nasheed's § 2241 petition because it is premature. No relief can be granted with respect to Nasheed's § 2241 petition until (1) BOP officials comply with the regional office's instructions to conduct a new hearing on the disciplinary offense charged in the incident report, and (2) if the DHO renders an adverse decision after rehearing, Nasheed appeals to MARO and the BOP's Central Office in the manner and time frames established in 28 C.F.R. § 542.15. If these events occur, Nasheed should seek habeas relief in the judicial district where he is located at that time. Unless and until those events occur, Nasheed's § 2241 petition is premature because at a rehearing the DHO might find Nasheed not guilty of the

---

[2] *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMore List= false&IDType=IRN&IDNumber=24232-037&x=87&y=27 (last visited January 11, 2013).

Code 108 offense, or might find Nasheed guilty of a disciplinary offense but not order GTC forfeited.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, federal courts consistently require federal prisoners to fully exhaust the available administrative remedies within the BOP before filing a petition seeking habeas corpus relief pursuant to § 2241. *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (*per curiam*). The Court will, however, direct the Clerk of the Court to mail a courtesy copy of this Memorandum Opinion and Order to both respondent Michael Sepanek and USP - Big Sandy Warden Robert Farley in the event they can expedite the scheduling of the rehearing, if in fact it has not already been held since December 4, 2012.

Even assuming that the re-hearing is not conducted before March 13, 2013, (Nasheed's projected release date), Nasheed's claims will not become moot. As part of his Maryland criminal judgment, Nasheed must serve a 4-year term of supervised release after his release from the community corrections center where he is currently confined. Because that 4-year term of supervised release will not expire until March 13, 2017, Nasheed will, for purposes of § 2241, remain "in custody" until that date and his release from the community corrections center will not render his habeas petition moot. See *Freeman v. Hickey*, No. 10-CV-328-KSF, 2012 WL 933278 (E.D.

Case: 0:12-cv-00065-HRW Doc #: 12 Filed: 01/28/13 Page: 6 of 7 - Page ID#: 78

Ky., March 20, 2012); *Faison v. Eichenlaub*, No. 2:07-CV-11765, 2008 WL 5422761, at *2 (E.D. Mich., Dec. 30, 2008).

If a district court later concludes that Nasheed's habeas claims are meritorious and that the forfeiture of his 41 days of GTC was unwarranted, he will receive a 41-day reduction on his supervised release term. *See Faison*, 2008 WL 5422761, at *2; *Magnin v. Beeler*, 110 F. Supp. 2d 338, 340 n.3 (D.N.J. 2000); *Camper v. Benov*, 966 F. Supp. 951, 952 n.1 (C.D. Cal. 1997). Nasheed's current § 2241 petition will, however, be dismissed without prejudice to his filing another habeas petition in the district where he is located at that time **after** rehearing of his disciplinary proceeding and complete administrative appeal. Nasheed's motions seeking permission to expand the record [D. E. Nos. 8 and 9] will granted, but his motion to restore his GTC [D. E. No. 10] will be denied as moot.

Accordingly, **IT IS ORDERED** that:

1. Petitioner Nadir Nasheed's motions to expand the record [D. E. Nos. 8 and 9] are **SUSTAINED**.

2. Nasheed's motion to restore his GTC [D. E. No. 10] is **OVERRULED.**

3. Nasheed's 28 U.S.C. § 2241 petition [D. E. No. 1], as amended [D. E. Nos. 3, 6] is **DENIED** as **PREMATURE**.

4. The Clerk of the Court shall mail a courtesy copy of this Memorandum

Opinion and Order to USP - Big Sandy Warden Robert Farley and to respondent Michael Sepanek, Warden of the FCI - Ashland, via certified mail, return receipt requested.

    5.    The Court will enter an appropriate judgment.

    6.    This matter is **STRICKEN** from the active docket.

This the 28th day of January, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge